IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04786-GPG

ALVARO ADRIAN TELLEZ GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, and
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Motion to Enforce (D. 8). The Court DENIES the motion for the following reasons.

On September 30, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 4). On October 6, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 9). The IJ denied bond on the basis that "DHS has established by clear and convincing evidence that [Petitioner] presents a danger to the community and by a preponderance of the evidence that [Petitioner] presents a risk of flight" (D. 9-1 at 3). The IJ found that Petitioner's criminal history makes him a danger to the

community, and that he poses a flight risk because his likelihood of obtaining cancellation of removal is low (*id.*). Petitioner argues that the hearing failed to comply with this Court's Order because the IJ incorrectly found Petitioner was a danger and flight risk, and IJ's written decision does not mention the clear and convincing standard, does not contain any analysis or expressly mention any evidence, and does not identify how the evidence meets the applicable standard (D. 8). Respondents filed a response to Petitioner's Motion on October 27, 2026 (D. 13).

Upon review of the IJ's written decision (D. 9-1), the Court does not find that any of Petitioner's arguments show that Respondents failed to comply with the Court's Order. First, contrary to Petitioner's argument, the IJ's written order does state the clear and convincing standard and provide an analysis of the evidence relied upon. Second, Petitioner's remaining arguments, rather than speaking to the burden of proof the IJ applied, boil down to a disagreement with the IJ that DHS's evidence was sufficient to prove, by the applicable standard, Petitioner is a danger to community or flight risk. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e). Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of

proof, and Respondents appear to have done so. The Court is not at liberty to revisit the IJ's particular finding as to whether that burden was satisfied.

The IJ identified the burden of proof as on the government and discussed the reasons that Petitioner poses a danger to community and flight risk. The IJ also wrote, "[c]onsidering the record as a whole, including the Form I-213, Notice to Appear, criminal record, [Petitioner]'s supporting evidence, and the nature and circumstances of his controlled-substance conviction . . .," indicating that the IJ considered all evidence presented (D. 8-1 at 3). Based on this indication that the IJ considered all evidence presented and found that the government had met its burden of showing that Petitioner is a danger to community and flight risk, the Court cannot say that the IJ improperly applied the burden to Petitioner rather than the government.

Accordingly, Petitioner's motion to enforce is DENIED.

DATED October 30, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge